IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EMPIRIAN PROPERTY MANAGEMENT )
INC., Link Terrace Apts, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV415-173
 )
AMI LAWSON, )
 )
    Defendant. )
 )

## O R D E R

Defendant Ami Lawson removed this case from the State Court of Liberty County, Georgia. (Doc. 1.) Following removal, the Court is obligated to sua sponte determine whether it lacks subject matter jurisdiction over the removed case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). According to the notice of removal, Defendant attempts to invoke this court's federal question jurisdiction as grounds for removal, contending that "Plaintiff has actually filed a Federal Question Action in County Court." (Doc. 1 ¶ 5.)

"[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S.

58, 63 (1987). In this respect, a plaintiff is the master of the claim and may avoid federal jurisdiction by relying exclusively on state law when seeking relief. Caterpillar v. Williams, 482 U.S. 386, 392 (1987). In the absence of any federal claim in the complaint, a party may not remove the case to federal court on the basis that federal law provides a defense to a state claim. Id. at 393.

In this case, the removed action is one to dispossess Defendant from premises owned by Plaintiff based on Defendant's failure to pay rent as required under the terms of the lease agreement. (Doc. 1 at 6.) In the notice of removal, Defendant even acknowledges that Plaintiff has not alleged any federal cause of action. (Id. ¶ 6 (noting that Plaintiff filed a "Complaint for Tenant Eviction" that "intentionally fails to allege compliance with the Civil Rights Act of 1968").) Eviction is governed by state, not federal law. As noted above, Defendant's oblique allegations that Plaintiff has violated federal housing statutes are insufficient to grant this court federal question jurisdiction because those allegations are merely defenses to Plaintiff's state law claims. Quite simply, Plaintiff's complaint is based entirely on state law claims and has no business in federal court. As a result, this case must be remanded.

Generally, the Court may award attorney's fees pursuant to 28 U.S.C. § 1447(c) where the removing party lacks an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Because the sole basis for removal was a federal defense, Defendant is unable to establish any objectively reasonable grounds for removing this case. After careful consideration, the Court will not order Defendant to pay Plaintiff any attorney fees at this time given that both parties are appearing pro se. Defendant is **WARNED**, however, that the Court is unlikely to be as understanding should Defendant again waste Plaintiff's and this Court's time with another frivolous attempt at removal.

For the foregoing reasons, the Court sua sponte **REMANDS** this case to the State Court of Liberty County. The Clerk of Court is **DIRECTED** to mail a certified copy of this Order of Remand to the Clerk of the State Court of Liberty County and close this case.

SO ORDERED this **8th** day of July 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA